Case 4:09-cv-00448-Y   Document 11   Filed 11/06/09   Page 1 of 5

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 6 2009
CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARTIN G. CASTILLO JR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-448-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Martin G. Castillo Jr., TDCJ # 695172, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

Castillo is serving two concurrent 35-year sentences on his August 22, 1994, convictions for

aggravated sexual assault of a child in Tarrant County, Texas. Castillo did not directly appeal the trial court's judgments of conviction; thus, the judgments became final under state law thirty days later on September 21, 1995. *See* TEX. R. APP. P. 26.2(a)(1). In February 2009 Castillo filed two postconviction applications for writ of habeas corpus in state court challenging his convictions, which were denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Castillo*, Application Nos. WR-43,660-03 & WR-43,660-04, at cover. Castillo filed this petition on July 29, 2009. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Castillo claims that he received ineffective assistance of trial counsel and that the trial court abused its discretion by failing to fully admonish him of the consequences of his pleas as required by Article 26.13(a) of the Texas Code of Criminal Procedure. (Petition at 7) As ordered, Thaler has filed a preliminary response addressing only the issue of limitations, to which Castillo has filed a reply.

D. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the state court's judgments of conviction became final by the expiration of the time for seeking direct review. As noted above, the state court's judgments became final on September 24, 1994, prior to the effective date of the AEDPA. Thus, Castillo had until April 24, 1997, to file his petition, absent any applicable tolling. *Flanagan*, 154 F.3d at 202. Castillo's state habeas applications filed after the limitations period had already expired did not operate to toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor is Castillo entitled to tolling as a matter of equity.

Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Davis*

v. *Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Difficulty obtaining records is a common problem among inmates who are trying to pursue postconviction habeas relief. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Further, neither mere ignorance of the law nor claims of actual innocence warrant equitable tolling. *Id.* at 171; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Castillo was not prevented in some extraordinary way from asserting his rights, and his lengthy delay plainly shows that he was not pursuing his rights diligently.

Castillo's petition was due on or before April 24, 1997. His petition, filed on July 29, 2009, over twelve years later, is untimely.

## II. RECOMMENDATION

Castillo's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written

4

objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 27, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 27, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 6, 2009.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE